IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN KILLINGSWORTH,

    Petitioner,                      No. CIV S-06-2869 LKK EFB P

    vs.

TOM L. CAREY, et al.,

    Respondents.                   ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma pauperis*. Examination of the supporting affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request is granted. *See* 28 U.S.C. § 1915(a).

       It is unclear whether petitioner seeks, by this filing, to challenge the fact of his conviction based on an exhausted ineffective assistance of counsel claim; or, to challenge the duration of his confinement based on an unexhausted claim that the Determinate Sentencing Act ("DSA") is not applicable to inmates like petitioner who are sentenced indeterminately under California Penal Code § 1168(b).

////

////

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v.. Lundy,* 455 U.S. 509, 515-16 (1982). Requiring exhaustion of claims provides state courts with "the first opportunity to correct federal constitutional errors and minimizes federal interference and disruption of state judicial proceedings." *Rose,* 455 U.S. at 514. If the petition combines exhausted and unexhausted claims, the district court must dismiss the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle,* 843 F.2d 371, 372 (9th Cir.1988).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed *in forma pauperis* is granted.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2