IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN KILLINGSWORTH,

      Petitioner,                No. CIV S-06-2869 LKK EFB P

    vs.

TOM L. CAREY, et al.

      Respondents.             <u>FINDINGS AND RECOMMENDATIONS</u>

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges a June 15, 2000, determination made by a panel of the Board of Prison Terms[1] ("BPT") finding that he was not suitable for parole. Currently pending is respondents' motion to dismiss on the grounds that the petition was filed beyond the one-year limitations period and fails to state a cognizable claim for relief. As explained below, the petition must be dismissed as untimely. Accordingly, the court does not reach the question of whether it states a cognizable claim.

////

---

[1] In 2000, the parole authority was the Board of Prison Terms. That authority has since been renamed the Board of Parole Hearings. For the sake of simplicity, the court throughout these findings and recommendations refers to the Board of Prison Terms.

1

## I. Procedural History

Petitioner is serving a term of life in prison with the possibility of parole for his March 23, 1995, conviction of attempted murder. Petition ("Pet."), at 1. As noted, he challenges a June 15, 2000, finding that he was not suitable for parole. Petitioner asserts that the decision resulted from a policy that all life prisoners must be found not suitable for parole. Pet., Attach., at unnumbered page 4. The only challenge to this decision that he filed in state court was a petition for a writ of habeas corpus filed in the California Supreme Court on October 4, 2005. The petition was denied on July 19, 2006. Petitioner filed his federal habeas petition on December 20, 2006.

## II. Standards

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). This period is tolled while a "properly filed" application for state postconviction relief is "pending" in the state court. 28 U.S.C. § 2244(d)(2). In California, such an application is "pending" during reasonable intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). Furthermore, the Ninth Circuit applies equitable tolling in habeas actions. A court will equitably toll the limitations period only where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). In other words, "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner has the burden of establishing the existence of such circumstances. *Miranda v.*

*Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

The initial question here is when the period began to run.  With respect to a challenge to a decision finding a prisoner unsuitable for parole, the period begins to run as of the date that the factual predicate for the claims could have been discovered.  *Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003).  Respondents assert that the factual basis asserted here could have been discovered when the BPT decision became final.  Petitioner argues that he became aware of the factual predicate for his claims on October 4, 2005, when he "discovered the claim that the [parole authority] and the State of California are continually denying parole by a blanket 'no parole' policy."  Opp'n, at 1.  However, the ability to challenge a decision of the parole authority on the ground that a "no parole" policy would violate the Due Process Clause of the Fourteenth Amendment is not a factual predicate.  It is a legal theory.  The factual predicate for invoking this theory would be that petitioner was denied parole on a particular date.

Ninth Circuit precedent provides guidance regarding when, in a parole suitability challenge, the factual predicate is, or may be, discovered.  When, as was the case in 2000, California law required prisoners to exhaust their claims in the administrative grievance process, the limitation period began to run the day after the prisoner's grievance was denied at the highest level of review.  *Redd*, 343 F.3d at 1084.  There is no evidence that petitioner sought administrative review of the decision he challenges.  Thus, the court deems it final the date it became effective under the regulations then in effect.[2]

/////

---

[2] Respondents argue that the panel's decision became final 120 days after the hearing. Resps.' Mot. to Dism., at 3.  In support of their argument, they rely on a subdivision of the statute governing parole suitability, which states, "[a]fter the effective date of this subdivision, any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing." Cal. Pen. Code § 3041(b) (West Supp. 2008).  Petitioner, however, challenges a determination that he is not suitable for parole.  It therefore appears that this rule of finality does not apply to petitioner's case.

Here, petitioner challenges a decision made on June 15, 2000. Under the regulations then in effect, that decision was final "15 days after the date of the hearing," i.e., on June 30, 2000. Cal. Code Regs. tit 15, § 2043 (2002).[3] Thus, petitioner had until July 2, 2001, to file his federal petition.[4] Absent tolling, the December 20, 2006, petition is late. As noted above, a petitioner ordinarily is entitled to statutory tolling for the time a properly filed postconviction motion remains pending in the state courts. *See Saffold*, 536 U.S. at 223. Here, however, petitioner did not file an application for habeas corpus relief in the California Supreme Court until October 4, 2005, more than four years after the federal limitation period expired. Once the limitation period expires, a state habeas petition or other motion for postconviction relief does not start the clock running again. *Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed). Petitioner makes no argument that he is entitled to equitable tolling. Therefore, petitioner's December 20, 2006, federal petition is late and respondents'

---

[3] Pursuant to that section:

> All proposed hearing decisions including those made during Progress Hearings shall be effective 15 days after the date of the hearing, unless the proposed decision is disapproved as provided in Section 2041(d), the case is referred en banc as provided in Section 2044, or a different effective date is stated in the proposed decision. Any proposed decision granting, modifying or denying a parole date for a life prisoner, whose commitment offense occurred after July 1, 1997, exclusive of those made during Progress Hearings, shall be effective 90 days after the hearing at which the proposed decision was made, unless the proposed decision states a later effective date, and provided, however, no decision is effective until reviewed by the decision review unit. Any decision not requiring a hearing is effective immediately, unless the decision states a different effective date.

Neither party alleges facts sufficient for the court to determine with any precision which time-frame for finality applies. Thus, there is no basis for finding that either section 2041(d) or 2044 was triggered, or that the 90-day period applied. In any event, it appears not to matter because the court ultimately finds that the federal petition is several years late. Thus, no amount of time provided for in California's regulatory scheme would render the petition timely.

[4] One year after the decision became final was Sunday, July 1, 2001. Petitioner was not required to file until the next day. *See* Fed. R. Civ. P. 6(a)(3).

motion on this ground must be granted.

**IV.  Failure to State a Claim**

It is clear that petitioner's habeas application is untimely. Therefore, the court declines to consider whether petitioner states a cognizable claim under 28 U.S.C. § 2254.

**V.  Conclusion**

Petitioner's application for a writ of habeas corpus was filed outside the one year limitation period. Thus, the court cannot reach the merits. Furthermore, since it is clear that the petition is untimely, the court does not consider respondents' contention that the application states no federal claim.

Accordingly, it hereby is RECOMMENDED that respondents' January 2, 2008, motion to dismiss be granted and that this action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE